**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0279, <u>State of New Hampshire v. Matthew Ashnault</u>, the court on August 28, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Matthew Ashnault, is charged with second-degree assault, endangering the welfare of a child, and domestic violence simple assault. <u>See</u> RSA 631:2, I(d) (2016); 631:2-b, I(a) (2016); 639:3, I (2016). He appeals an order of the Superior Court (<u>Attorri</u>, J.) denying his request for bail, arguing that the court erred by continuing his preventive detention on the ground that he poses a danger to himself and the public. We affirm.

RSA 597:2, III(a) (Supp. 2022) provides, in relevant part, that "the court may order preventive detention without bail . . . only if [it] determines by clear and convincing evidence that release will endanger the safety of [the defendant] or the public." It further provides that "[i]n determining whether release will endanger the safety of [the defendant] or the public, the court may consider all relevant factors presented" to the court by the parties. <u>Id</u>.

On January 8, 2023, the defendant was arrested for injuring his child. The next day, the Superior Court (<u>Leonard</u>, J.), held a non-evidentiary bail hearing. In its offer of proof, the State alleged that the defendant caused his six-month old child to suffer "significant bruising across his face," and "red marks on [his] right eye." The child was found to be "very lethargic and slow," with dried blood on him. The defendant had been home alone with the child and, due to heavy intoxication, had no memory of how the child sustained his injuries. Based upon "the very serious nature of the allegations," the court ordered him to be preventively detained and to have no contact with the child or the child's mother.

On January 25, 2023, the defendant requested an evidentiary bail hearing, which the court held on March 2, 2023. At the hearing, the court heard testimony from the police officer who responded to an emergency call from the mother. The officer testified that the mother reported having arrived home to find that her six-month-old child had "significant bruising on his face, bleeding in his nose and his ears," and was "very withdrawn, very lethargic." The officer himself observed that the child had "bruising across the bridge of his nose and significant bruising on his face." The officer testified that he later reviewed child abuse forensic examination records and learned that the child

suffered "a subdural hemorrhage or a brain bleed." According to the officer, the child's mother also reported that the defendant had previously made statements about self-harm and suicidal tendencies when intoxicated.

Based upon this evidence, the State asked the court to order preventive detention, arguing that the defendant posed a danger to himself and the public. Although the defendant argued that the evidence did not support preventive detention, and that he could be safely released on certain conditions, the court ruled that preventive detention remained appropriate, concluding that there was nothing "that's available, that's practical, that's going to give me sufficient assurance that release at this time is safe for yourself, for everyone else."

On March 20, 2023, the defendant moved to amend bail, alleging that he had been conditionally accepted into an in-patient rehabilitation program. On April 6, 2023, the court held a hearing on the motion. At the hearing, defense counsel represented that the defendant could be released directly to the rehabilitation facility, and that with appropriate conditions, his release would not endanger himself or the public. The State argued that preventive detention remained appropriate because the defendant's eventual release from the facility would threaten public safety. After taking the matter under advisement, the court, in a written order, again denied bail, "for the same reasons as were stated on the record at the March 2 hearing." The court denied the defendant's motion to reconsider, noting that the defendant has been charged "with conduct of unusual cruelty upon an infant," and that "[t]he proof is evident and suffices to show dangerousness warranting detention."

We review the trial court's bail decision under our unsustainable exercise of discretion standard. State v. Spaulding, 172 N.H. 205, 207 (2019). In determining whether the trial court unsustainably exercised its discretion, we consider whether the record establishes an objective basis sufficient to sustain the court's discretionary judgment. Id. at 207-08. Based upon this record, we conclude that the trial court sustainably exercised its discretion in ruling that the defendant's release on bail would endanger the safety of the defendant and the public. See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2